[Civ. No. 8895. First Appellate District, Division Two.—September 11, 1933.]

BENJAMIN EDERER, Respondent, v. HAROLD M. SHANZER, Appellant.

John Ralph Wilson, Carl E. Day and Hugh K. McKevitt for Appellant.

Walter McGovern for Respondent.

STURTEVANT, J.—In an action to recover for personal injuries sustained in an automobile accident the plaintiff was awarded a verdict and from the judgment entered thereon the defendant has appealed.

Late in the afternoon, but before sunset, a collision occurred between the motorcycle operated by the plaintiff and a Ford automobile operated by the defendant. The collision occurred at the crossing of Sixth Street and Mission Street in San Francisco. On Mission Street there is a double street-car track running east and west. On Sixth Street there is a double street-car track running north and south and crossing Mission Street at right angles. There is also at the crossing a cross-over from the westerly track on Sixth Street to the southerly track on Mission Street. The plaintiff had come south on Sixth Street to the northern property line of Mission Street at a time when the automatic signals indicated "stop". He brought his motorcycle to a full stop at the property line. On the opposite side of the street a Chrysler automobile was stopped at the southern property line of Mission Street and was standing on the rails of the eastern car track in Sixth Street. It was the intention of the plaintiff to make a left-hand turn and go down Mission Street. When the signals showed "go" he advanced on a

curve on his right-hand side of the cross-over. The driver of the Chrysler in the meantime was advancing on a straight line to the north. When the Chrysler car reached the south rail on Mission Street the driver signaled to the plaintiff to proceed. He did so and had crossed the Sixth Street rails and was at a point about four feet from the eastern rail when he observed the defendant's car approaching from the south. At that time the defendant's car was about four or five feet south of the southern property line on Mission Street. The plaintiff testified that the defendant's car advanced at a speed of twenty-five or thirty miles per hour and paused as though it was going to stop and give to the plaintiff the right of way. The plaintiff continued on his way. The Ford car did not stop and the collision occurred a few feet east of the most easterly rail on Sixth Street.

The defendant contends that he was not negligent. The plaintiff contends to the contrary. He cites the statute [sec. 113, as amended] that the maximum speed allowed at the crossing was fifteen miles per hour and he quotes his own testimony to the effect that the defendant was driving twenty-five or thirty miles per hour at the time of the impact. The defendant denies that fact and contends he was not traveling more than five miles per hour. He lays particular stress on certain physical facts which he claims support his testimony and refute the testimony of the plaintiff. These conflicts were clearly for the jury and may not be disturbed by a court of review.

The defendant also contends that the plaintiff was guilty of contributory negligence. This contention rests on several different theories. The defendant quotes from the California Vehicle Act and contends that the plaintiff violated section 130 (a) which, among other things, provides: ''The driver of any vehicle upon a public highway before starting, turning or stopping such vehicle shall first see that such movement can be made in safety, and if it cannot be made in safety shall wait until it can be made in safety. . . . '' From the facts recited above it does not appear as a matter of law that the plaintiff violated the statute. No additional fact is called to our attention showing that he did so. The fact that a collision occurred does not justify the court in holding that the plaintiff before

starting forward did not first see that his movement could be made in safety. The subsequent events would indicate that he determined erroneously, but that is the most that can be said. ■ In the next place the defendant contends that the plaintiff violated section 131 (b). That section provides: "The driver of a vehicle within an intersection intending to turn to the left shall yield to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard but said driver having so yielded and having given a signal when and as required by law may make such left turn and other vehicles approaching the intersection from said opposite direction shall yield to the driver making the left turn." From what we have said it will appear at once that when the plaintiff entered the intersection the defendant had not entered it and did not enter until some time later. When the plaintiff started forward he gave the signal indicating that he was going to make a left-hand turn. Under these facts "said driver (the plaintiff) having so yielded and having given a signal when and as required by law may make such left turn and other vehicles (the defendant) approaching the intersection from said opposite direction shall yield to the driver making the left turn''. ■ It is next contended that the plaintiff deliberately and recklessly proceeded into the path of defendant's car, while looking backward and relying upon defendant to avoid the accident. There was testimony· that the plaintiff looked back; however, from the entire context we think the language had a different meaning than as claimed by the defendant. The plaintiff testified that he looked from side to side. In doing that manifestly he looked to the right, then to the left and back to the right, or back to the left; but he flatly denied that he looked to the rear. ■ It is again contended that the plaintiff recklessly proceeded into the path of danger. Unquestionably that point could be plausibly presented to the trier of the facts. However, it could also be contended that when the plaintiff first became aware of any approaching danger an emergency confronted him. In view of the verdict of the jury we must assume the jury adopted the latter theory and did not hold the plaintiff responsible for having erred in judgment when acting in an emergency. Again, it is

contended that the plaintiff relied upon the defendant to avoid the accident. As we understand the record the defendant is addressing himself to the testimony of the plaintiff when the plaintiff was testifying regarding his actions at the time the emergency confronted him. If we are correct in assuming such to be the fact, it is settled law that the question of negligence or non-negligence under such circumstances was peculiarly addressed to the jury and that the jury was justified in not holding the plaintiff to the same degree of discretion when acting in an emergency as when no emergency existed.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Ogden, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 6, 1933.